United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-41401
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SONIA ANN OCHOA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-02-CR-164-ALL
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Sonia Ann Ochoa was convicted of one charge of importation of 35.52 kilograms of marijuana into the United States from Mexico and one charge of possession of this same amount of marijuana with intent to distribute. The district court sentenced her to 27 months in prison and a three-year term of supervised release. Ochoa now appeals her conviction.

Ochoa first argues that the evidence was insufficient to prove the scienter element of the offenses of conviction. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

standard of review for this issue is "whether any reasonable trier of fact could have found that the evidence established the essential elements of the crime beyond a reasonable doubt." United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998).

The evidence is sufficient to uphold Ochoa's convictions. Her incomplete and inconsistent statements to officers; her strange behavior in relation to one officer; her somewhat questionable explanation for the large sum of cash she was carrying and her reason for crossing the border; and her lack of concern and genuine surprise following the discovery of the marijuana provide sufficient evidence to uphold the jury's conclusion that she knew of the marijuana that was concealed in the backseat of the car she was driving. See United States v. Moreno, 185 F.3d 465, 472 n.3 (5th Cir. 1999).

Ochoa argues that the district court erred in admitting hearsay testimony. Any such error was harmless. See United States v. Wells, 262 F.3d 455, 459 (5th Cir. 2001); United States v. Sharpe, 193 F.3d 852, 867 (5th Cir. 1999). Ochoa contends that she was prejudiced when the district court admonished defense counsel to sit down and be quiet when he was objecting to the admission of this testimony. Ochoa has shown no error in the district court judge's attempts to control his courtroom following defense counsel's refusal to accept the judge's adverse ruling on this issue. See United States v. Adkins, 741 F.2d 744, 747 (5th Cir. 1984).

Ochoa also has shown no abuse of discretion in the district court's handling of her request to depose an unnamed Mexican mechanic. <u>Wells</u>, 262 F.3d at 459. The district court offered a reasonable compromise to the problems surrounding the proposed deposition. Ochoa likewise has not shown that the district court abused its broad discretion in relation to its ruling concerning testimony about fingerprints, or lack thereof, on the contraband. See <u>United States v. James</u>, 510 F.2d 546, 551 (5th Cir. 1975).

Finally, Ochoa has not shown that the district court erred in denying her request that the jury be instructed on spoliation of evidence. The record reflects that the Government did not act in bad faith when it disposed of the crankshaft. <u>See</u> <u>United States v. Wise</u>, 221 F.3d 140, 156 (5th Cir. 2000). Rather, this disposal was done pursuant to a routine policy. Moreover, Ochoa was informed of the steps she would have to take to retrieve the crankshaft, but she declined to do so.

Ochoa has shown no error on the part of the district court. Accordingly, her conviction and sentence are AFFIRMED.